UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANINE CHERYL JORNLIN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C17-5732-JPD<br><br><br><br>ORDER |

Plaintiff Janine Cheryl Jornlin appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 59-year-old woman with a college degree. Administrative Record ("AR") at 371. Her past work experience includes employment as an insurance claims associate, customer service associate, business operations analysis, assistant management technician, receptionist, project coordinator, and housing specialist. AR at 191. Plaintiff was last gainfully employed in March 2014. *Id*.

ORDER - 1

On March 31, 2014, Plaintiff filed an application for DIB, alleging an onset date of March 28, 2014.[1]  AR at 175-76.  Plaintiff asserts that she is disabled due to anxiety, gambling addiction, neck issues, headaches and hand tremors.  AR at 40, 45-47.

The Commissioner denied Plaintiff's claim initially and on reconsideration.  AR at 118-20, 124-28.  Plaintiff requested a hearing, which took place on March 14, 2016.  AR at 38-89.  On July 21, 2016, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform her past work.  AR at 20-33.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On September 12, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

---

[1] At the hearing, Plaintiff amended her alleged onset to July 1, 2014.  AR at 83.

ORDER - 2

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Jornlin bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[2] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

ORDER - 4

## V. DECISION BELOW

On July 21, 2016, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.

2. The claimant has not engaged in substantial gainful activity since July 1, 2014, the alleged amended onset date.

3. The claimant has the following severe impairments: cervical arthritis, depressive disorder, and gambling disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform simple, routine or detailed light and sedentary work as defined in 20 CFR 404.1567(b). She should not climb tall ladders, work at heights, or handle cash or negotiable instruments. She is limited to low stress work. She works independently. She should have work goals, not quotas. She should have no direct access to drugs or alcohol. She would be off-task 6 percent of the workday. She requires extra restroom breaks two or three days a week. She is limited to brief, superficial contact with the public. She cannot frequently turn her head. She can occasionally gaze upward. She needs to stand and stretch for one to three minutes every hour. She needs to work in quiet area with no foot traffic.

6. The claimant is capable of performing past relevant work as a claims clerk II. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2014, through the date of this decision.

AR at 22-32.

## VI. ISSUE ON APPEAL

The principal issue on appeal is whether the ALJ erred in discounting an opinion written by examining physician Shirley Deem, M.D. Dkt. 8 at 1.

ORDER - 5

## VII.  DISCUSSION

Dr. Deem examined Plaintiff in August 2014, and had the opportunity to review a treatment note from March 2014 related to Plaintiff's headaches and hand tremor. AR at 276-79. Dr. Deem's physical examination yielded normal results. AR at 277-78. Dr. Deem diagnosed Plaintiff as mildly overweight, with tension headaches with intermittent cervical spine strain and history of mood disorder. AR at 278. Dr. Deem indicated that Plaintiff was limited to occasional reaching, handling, fingering, and feeling "because of the neck discomfort and occasional tingling down her right arm." AR at 279. Dr. Deem also indicated that "[b]ecause of [Plaintiff's] anxiety" she should not work at heights or "under any environmental stressing activities." *Id*.

The ALJ gave some weight to Dr. Deem's opinion, but found that the manipulative and heights/environmental restrictions were inconsistent with the "essentially unremarkable physical examination" and relied heavily on Plaintiff's subjective report, which the ALJ discounted for reasons not challenged here by Plaintiff. AR at 30. Plaintiff argues that these reasons are not legally sufficient.

If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at

725.

Plaintiff argues that the ALJ erred in discounting Dr. Deem's opinion regarding manipulative limitations as inconsistent with the physical examination findings, because Dr. Deem did not cite objective physical findings as the basis for the opinion. Dkt. 8 at 3. Instead, Dr. Deem stated that the manipulative limitations stemmed from Plaintiff's "neck discomfort and occasional tingling down her right arm." AR at 279.

That may be true, but in asserting that Plaintiff's limitations are not based on objective findings, Plaintiff essentially concedes the ALJ's point: that Dr. Deem's opinion was based on Plaintiff's *self-reported* neck discomfort and occasional tingling down her right arm. Neither of these symptoms was measured objectively; Dr. Deem did not record discomfort with any of the examination procedures, and noted that Plaintiff did not experience any numbness during the examination and had intact light touch and pinprick sensation throughout her arms. AR at 278.

Thus, the ALJ reasonably found that Dr. Deem's opinion regarding the impact of Plaintiff's alleged neck discomfort and arm tingling was based on her self-report of these symptoms. Because the ALJ discounted Plaintiff's self-report for reasons not challenged by Plaintiff, the ALJ was entitled to discount Dr. Deem's opinion to the extent it was based on Plaintiff's self-report. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Because, as argued by Plaintiff, Dr. Deem's opinion regarding manipulative limitations was not based on objective findings, but instead credited Plaintiff's self-reported symptoms,

the ALJ reasonably discounted that opinion in light of the ALJ's unchallenged findings related to the unreliability of Plaintiff's self-report.

## VIII. CONCLUSION

The role of this Court is limited. As noted above, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews*, 53 F.3d at 1039. When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas,* 278 F.3d at 954. While it may be possible to evaluate the evidence as Plaintiff suggests, it is not possible to conclude that Plaintiff's interpretation is the only rational interpretation.

For the reasons explained above, the Court AFFIRMS the ALJ's decision.

DATED this 15th day of February, 2018.

*/s/ James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge